UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHTIANA JADE BROWN,

    Plaintiff,

    v.

LUCIDWORKS INC, et al.

    Defendants.

No. 2:25-cv-0628-DC-CKD (PS)

FINDINGS AND RECOMMENDATIONS

    Plaintiff Tahtiana Brown proceeds without counsel and brings employment discrimination claims under state and federal law. (ECF No. 1.) Because plaintiff proceeds without counsel, this matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). Defendants Lucidworks, Inc., Kyle Hammett, Natalia Pascuzzi, Julianne Kirby, and Mike Sinoway[1] move to dismiss the complaint and plaintiff seeks leave to amend. (ECF Nos. 9, 28.) The court previously ordered the motion to dismiss submitted without oral argument. (ECF No. 11.) The motion for leave to amend was not noticed for a hearing in compliance with Local Rule 230(b). Setting aside the procedural deficiency with the motion to amend for the purpose of judicial economy, the undersigned recommends leave to amend be denied and that this case be dismissed as duplicative of an earlier-filed action pending in this court.

---

[1] Other defendants have not appeared.

1

I.  **Background**

On February 21, 2025, plaintiff filed a civil complaint in <u>Brown v. Lucidworks</u>, No. 2:25-cv-0607-DC-CKD ("Pending Case No. 1"), asserting various claims including racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and California's Fair Employment and Housing Act ("FEHA"). In Pending Case No. 1, plaintiff also asserted claims based on allegations that the defendants improperly obtained her medical records in connection with a pending worker's compensation case.

On February 24, 2025, plaintiff filed the complaint in this case asserting employment discrimination claims, and, specifically, racial discrimination and retaliation under both Title VII and FEHA. (ECF No. 1.) Under the complaint's allegations, plaintiff was subjected to racial discrimination and retaliation during her employment for Lucidworks Inc. (ECF No. 1 at 2.) Plaintiff experienced a hostile work environment fostered by her supervisor and colleagues. (<u>Id.</u> at 2.) "Non-Black employees were given preferential treatment, promotions, and workplace opportunities, while Plaintiff was unfairly scrutinized, denied opportunities, and subjected to discriminatory behavior." (<u>Id.</u> at 2.) Plaintiff reported instances of discrimination and was retaliated against with "further mistreatment, increased workload, and undue performance scrutiny." (<u>Id.</u>) Plaintiff brings claims under state and federal anti-discrimination laws and seeks monetary damages and injunctive relief. (<u>Id.</u> at 3-4.)

The moving defendants filed their motion to dismiss on May 6, 2025, asserting (1) plaintiff's claims against them are duplicative of the claims asserted in Pending Case No. 1; (2) plaintiff did not properly serve them under Rule 4 of the Federal Rules of Civil Procedure; and (3) the complaint fails to state a claim against them. (ECF No. 9.) Plaintiff opposed the motion. (ECF No. 16.) Plaintiff filed a motion for leave to amend and a proposed amended complaint on June 9, 2025. (ECF Nos. 28, 29.)

II.  **Discussion**

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." <u>Slack v. McDaniel</u>, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against

the same defendant.'" Adams v. Calif. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit) (overruled on other grounds). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action[.]" Id. at 688. A suit is deemed duplicative if the claims, parties and available relief do not vary significantly between the two actions. Id. at 689.

The claims, parties, and available relief do not vary significantly between this action and Pending Case No. 1. In both cases, plaintiff brings employment discrimination claims and alleges racial discrimination, harassment, and retaliation. The defendants in both cases are the same. This case should be dismissed as duplicative.

In accordance with the above, IT IS RECOMMENDED as follows:

1. The motion to dismiss by defendants Lucidworks, Inc., Kyle Hammett, Natalia Pascuzzi, Julianne Kirby, and Mike Sinoway (ECF No. 9) be granted on the ground that the claims against them are duplicative of the claims asserted in an earlier-filed action pending in this court.

2. Plaintiff's motion for leave to amend (ECF No. 28) be denied.

3. This case be dismissed as duplicative of Brown v. Lucidworks, et al., No. 2:25-cv-00607-DC-CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the

/////
/////
/////
/////
/////

objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 18, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, brow25cv0628.fr